CHAVEZ, Justice (specially concurring). {54} This case is the first time since the enactment of NMSA 1978, Section 30-3-8(B) (1993) that a defendant has questioned whether the felony shooting at or from a motor vehicle can support a felony-murder conviction without violating the collateral-felony doctrine. I agree with the majority opinion that this felony cannot serve as the predicate felony for felony murder without violating the collateral-felony doctrine, a doctrine that this Court first described in 1977. See State v. Harrison, 1977-NMSC-038, ¶ 9, 90 N.M. 439, 564 P.2d 1321, superseded by rule on other grounds by Tafoya v. Baca, 1985-NMSC-067, ¶ 17, 103 N.M. 56, 702 P.2d 1001. Therefore, a prosecutor who wants to pursue a first-degree murder conviction for a death resulting from a drive-by shooting or shooting into a dwelling may charge the accused with depraved mind murder[1] pursuant to NMSA 1978, Section 30-2-l(A)(3) (1994). This charge has been available to prosecutors since before the 1987 enactment of Section 30-3-8. See generally State v. McCrary, 1984-NMSC-005, 100 N.M. 671, 675 P.2d 120 (concluding that depraved mind murder was upheld when the defendant shot numerous times from a truck into several tractor-trailers and cabs and killed one person, even though the defendant did not know that a person was in the tractor-trailer). Proving depraved mind murder does not require proof that the defendant intended to kill. See Wayne R. LeFave, Criminal Law § 14.4, at 779 (5th ed. 2010). Proof that a defendant killed someone by engaging in “outrageously reckless conduct . . . with ill will, hatred, spite, or evil intent [and with] total indifference for the value of human life” is proof that the defendant acted with a depraved mind. UJI 14-203 NMRA. This Court has recently noted on more than one occasion that drive-by shootings provide a clear example of the type of gravity and depravity required for a depraved mind murder conviction. State v. Dowling, 2011-NMSC-016, ¶¶ 2-3, 8-11, 150 N.M. 110, 257 P.3d 930; State v. Reed, 2005-NMSC-031, ¶ 31, 138 N.M. 365, 120 P.3d 447. It does not matter that the defendant intended to kill a specific person, but instead killed someone else who was in the line of fire. See State v. Sena, 1983-NMSC-005, ¶ 9, 99 N.M. 272, 657 P.2d 128. {55} I also agree with Justice Nakamura that having the Legislature “[e]numerat[e] the felonies that may serve as predicate felonies for felony murder will clarify matters greatly.” Dissenting op. ¶ 72. However, even if the Legislature were not to accept this invitation, in my view, the majority opinion does add clarity to how courts should apply the collateral-felony doctrine. {56} In State v. Campos, this Court stated that it is impossible to commit second degree murder without committing some form ofboth aggravated assault and aggravated battery. Thus, both of those offenses would always be deemed to be non-collateral even though, under some statutory definitions, aggravated battery and aggravated assault include one or more statutory elements that are not elements of second degree murder. 1996-NMSC-043, ¶ 23, 122 N.M. 148, 921 P.2d 1266. The Legislature categorizes the crimes listed in Chapter 30, Article 3 of the Criminal Code as assault and battery crimes, which includes the crime of shooting at or from a motor vehicle. All of the dangerous felonies that this Court has held support a felony-murder conviction without violating the collateral-felony doctrine, with one notable exception, are crimes not found in Chapter 30, Article 3. See majority op. ¶¶ 20-23 (listing as examples felony murder cases involving criminal sexual penetration, NMSA 1978, § 30-9-11 (2009); aggravated burglary, NMSA 1978, § 30-6-4 (1989); and robbery, NMSA 1978, § 30-16-2 (1973) as appropriate predicate felonies). {57} The one notable exception is the crime of willfully shooting at a dwelling.[2] See State v. Varela, 1999-NMSC-045, ¶ 21, 128 N.M. 454, 993 P.2d 1280; see also § 30-3-8(A). In Varela several shots were fired into a mobile home; the bullet struck the owner as he slept, ultimately resulting in his death. 1999-NMSC-045, ¶ 2. The Varela Court held that shooting at a dwelling may serve as a predicate felony without violating the collateral-felony doctrine because Section 30-3-8 prohibits any shooting at a dwelling and not every instance of shooting at a dwelling which results in death is automatically felony murder. If a defendant shoots into a dwelling, believing it to be abandoned, and kills an occupant, then he or she would be guilty of the felony [shooting at a dwelling], but would not necessarily be guilty of felony murder. In such a fact pattern, a jury might find the requisite mens rea for second degree murder absent, precluding a conviction for felony murder. 1999-NMSC-045, ¶¶ 13, 18, 21. Therequisite mens rea for second-degree murder requires the defendant to “know that his or her acts create a strong probability of death or great bodily harm,” and therefore an accidental killing would not satisfy the mens rea for second degree murder. Id. ¶ 18. Because the felony of shooting at a dwelling does not have a mens rea similar to the mens rea for second-degree murder, it can be used as a predicate felony for felony-murder purposes. Id. {58} The crime of shooting at a dwelling is complete once a person willfully shoots into a dwelling, whether occupied or not. Since its enactment, the crime of shooting at a dwelling has never required that the dwelling be occupied. In its original version Section 30-3-8 read, in relevant part: “[s]hooting at [an] inhabited dwelling . . . consists of willfully discharging a firearm at an inhabited dwelling house .... As used in this section, ‘inhabited’ means currently being used for dwelling purposes, whether occupied or not.” Id. (1987). In 1993 the Legislature simply removed “inhabited” from the statute, making it a crime to willfully shoot at a dwelling — a place where a person lives. {59} By contrast, when the Legislature enacted the crime of shooting at or from a motor vehicle in 1993, it included an element not required for shooting at a dwelling or occupied building. Section 30-3-8(B) provides that “[sjhooting at or from a motor vehicle consists of willfully discharging a firearm at or from a motor vehicle with reckless disregard for the person of another.” Id. (1993). The crime of “shooting at a dwelling” does not require that the shooter discharge the firearm with reckless disregard for another person. To find Defendant guilty of the second-degree felony of shooting from a motor vehicle, the jury had to find that he willfully shot a firearm from a motor vehicle with reckless disregard for another person and caused great bodily harm to the victim. See UJI 14-344 NMRA. To find that Defendant acted in reckless disregard, the jury had to find that he “knew that his conduct created a substantial and foreseeable risk, that he disregarded that risk and that he was wholly indifferentto the consequences ofhis conduct and the welfare and safety of others.” See UJI 14-1704 NMRA (as modified). {60} In my opinion, the additional element sufficiently distinguishes shooting at or from a motor vehicle from the crime of shooting at a dwelling for purposes of the collateral-felony doctrine. When one willfully discharges a firearm with reckless disregard for another person, the circumstances known to the shooter are such that the shooter knows that his or her act of willfully shooting — not driving or riding in a motor vehicle — is what creates a strong probability of death or great bodily harm. Thus, I conclude that like a form of aggravated battery or aggravated assault (i.e., assault while wearing a mask contrary to NMSA 1978, Section 30-3-2(B) (1963)), the crime of shooting from a motor vehicle cannot be used as a collateral felony, although it includes a statutory element — the motor vehicle — that is not an element of second-degree murder. {61} Although I respect both the majority and the dissenting opinions in this case, I am persuaded that the majority opinion is consistent with the collateral-felony doctrine and its purposes. I therefore concur with the majority opinion. EDWARD L. CHÁVEZ, Justice If the evidence supports the charge, a prosecutor may also charge an accused with premeditated murder under Section 30-2-l(A). State v. Varela, 1999-NMSC-045, ¶ 21, 128 N.M. 454, 993 P.2d 1280 did not address shooting at an occupied building.